

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2008

# Andrade v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Andrade v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1051.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1051

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4040
_____

JORGE P. ANDRADE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Decision of the
Administrative Appeals Office
(Agency No. A75-457-705)

_____

Submitted under Third Circuit LAR 34.1 (a)
on April 11, 2008

Before: SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed   June 6, 2008 )

_____

O P I N I O N

_____

**ROTH**, Circuit Judge:

Jorge Andrade appeals the denial of his Application for Permission to Reapply for Admission into the United States After Deportation or Removal. Because the determination whether to permit reapplication is within the discretion of the Attorney General (as delegated to the Department of Homeland Security), we lack subject matter jurisdiction over Andrade's petition. Accordingly, we will dismiss the petition.

## I. Background and Procedural History

As the facts are well known to the parties, we will discuss them only briefly here.

Andrade, a native and citizen of Ecuador, entered the United States without inspection in 1994. In 1997, he was placed in removal proceedings. An Immigration Judge granted Andrade's request for voluntary departure on October 15, 1997, and required him to depart by February 15, 1998. Andrade did not appeal the Immigration Judge's decision to the Board of Immigration Appeals. He remained in the United States, converting the voluntary departure to a final order of removal. As such, Andrade was inadmissible for reentry into the United States under 8 U.S.C. § 1182(a)(9)(A)(ii).

On March 29, 2001, Andrade married a U.S. citizen. His spouse filed a Petition for Alien Relative (I-130), seeking to obtain permanent resident status for Andrade. This petition was approved on March 20, 2002.

To adjust his status, on September 2, 2004, Andrade filed an Application for Permission to Reapply for Admission into the United States After Deportation or Removal

2

(I-212) with the Department of Homeland Security's Vermont Service Center. His application was denied, and he appealed to the Administrative Appeals Office.

On May 17, 2006, the Administrative Appeals Office dismissed Andrade's appeal, finding him inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii) and determining that he should not be permitted to reapply because the negative factors in his case outweighed the positive factors. In particular, the Administrative Appeals Office concluded that Andrade had a "clear disregard for the laws of the United States," based on the fact that he had entered and worked in the United States without authorization, used false immigration documents to secure employment, and failed to comply with the voluntary departure or a subsequent warrant of deportation. The Appeals Office determined that the positive factors, his marriage to a U.S. citizen and the approved Petition for Alien Relative, were equities acquired after the final order of removal had been entered, and afforded them less weight.

Andrade filed a petition for a writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania on June 20, 2006. However, under the new judicial review procedure imposed by the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, a petition for review in the courts of appeals is now the sole and exclusive means of judicial review for all orders of removal (except those issued pursuant to 8 U.S.C. § 1225(b)(1)). Accordingly, the District Court transferred the matter to this Court, which considers Andrade's petition for a writ of habeas corpus as a petition for review.

## II. Analysis

The Attorney General submits that we lack subject matter jurisdiction over the instant petition. The Attorney General correctly cites that Congress has provided, "[N]o court shall have jurisdiction to review – . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [Subchapter II of Chapter 12 of Title 8] to be in the discretion of the Attorney General or the Secretary of Homeland Security other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

Under 8 U.S.C. § 1182(a)(9)(A)(iii) (which is included in Subchapter II of Chapter 12), an alien who has been ordered removed and seeks admission within ten years of his departure or removal, such as Andrade, may reapply for admission while in the United States if "the Attorney General has consented to the alien's reapplying for admission." This responsibility has been transferred to the Director of the Department of Homeland Security's Bureau of Citizenship and Immigration Services. 6 U.S.C. §§ 271(b)(5); 557.

In *Soltane v. U.S. Department of Justice*, we determined that the "key" to the jurisdiction-stripping provision of Section 1252(a)(2)(B)(ii) is "its requirement that the discretion giving rise to the jurisdictional bar must be 'specified' by statute." 381 F.3d 143, 146 (3d Cir. 2004). In *Soltane*, we determined that statutory language regarding the issuance of preference visas in 8 U.S.C. § 1153(b)(4) did not specifically assign discretion to the Attorney General, where the statute provided that visas "shall be made available" to "special

4

immigrants" within certain numerical limits. *Soltane*, 381 F.3d at 147. In contrast, we determined that statutory language providing that, "The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien . . .," found at 8 U.S.C. § 1186a(c)(4), "explicitly assigns to the Attorney General the discretion to 'remove the conditional basis of the permanent resident status for an alien' who demonstrates one of the three qualifications for waivers . . .." " *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159 (3d Cir. 2004). We also determined that the administrative decision to revoke a visa was not subject to our review where the relevant statutory language at 8 U.S.C. § 1155 provides, "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." *Jilin Pharmaceutical USA, Inc. v. Chertoff*, 447 F.3d 196, 203-05 (3d Cir. 2006).[1]

Similarly, Section 1182(a)(9)(A)(iii)'s express requirement that the Attorney General must consent to the alien's application, coupled with the lack of restrictions on that exercise of consent, specifies that the authority to permit an alien to reapply for admission is within

---

[1]*See also Alaka v. Attorney General*, 456 F.3d 88, 94-102 (3d Cir. 2006) (holding that Section 1252(a)(2)(B)(ii) does not deprive this Court of jurisdiction over a withholding of removal claim); *Bekhit v. Attorney General*, 239 Fed. Appx. 761, 766-68 (3d Cir. July 19, 2007) (holding that this Court lacks jurisdiction to review a waiver of inadmissibility under 8 U.S.C. § 1182(k)).

the Department of Homeland Security's discretion. As such, we lack jurisdiction over the Administrative Appeals Office's denial of Andrade's application.[2]

III. **Conclusion**

For the reasons set forth above, we will dismiss the petition for review.[3]

---

[2]The Attorney General also argues that we lack jurisdiction over the instant petition because Andrade failed to exhaust his administrative remedies when he failed to appeal the Immigration Judge's ruling in his removal proceedings to the BIA and because he did not file the instant petition within thirty days of the removal order. *Cf. Kolkevich v. Attorney General*, 501 F.3d 323, 337 (3d Cir. 2007) (pre-REAL ID Act claimants have thirty days from the date of REAL ID's enactment to bring their claims). Because Andrade is appealing not the removal order, but rather the denial of his application for permission to apply for adjustment of status, we do not address those jurisdictional issues.

Even if we had jurisdiction, Andrade has identified no error of fact or law in the Administrative Appeals Office's decision. His argument that he should have received relief under the provisions of the Legal Immigration Family Equity Act (LIFE Act), 8 U.S.C. § 1255(i), fails because the relevant provisions of the LIFE Act permit an adjustment of status for certain aliens who are admissible. 8 U.S.C. § 1255(i)(2)(A). Andrade was inadmissible, as discussed above.

[3]Andrade suggests in his brief that he is entitled to move to reopen his earlier removal proceedings. We find nothing in the record indicating that he has filed such a motion, much less that the BIA has ruled on such a motion, so we have not considered the merits of any such motion on this appeal.